UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN-LYONS JOHNSON:BENE,<br>          Plaintiff,<br>     v.<br>WELLS FARGO OF SAN LEANDRO, et al.,<br>          Defendants. | Case No. 22-cv-06782-HSG<br><br>**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 28 |

On January 22, 2024, Plaintiff, who represents himself, filed under seal a document that appears to be an amended complaint. Dkt. No. 28. Because Plaintiff is proceeding in forma pauperis, the Court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). In doing so now, the Court determines that Plaintiff fails to state a claim, and **DISMISSES** his complaint with leave to amend, Dkt. No. 28-1, and **DENIES** the pending motion to seal. Dkt. No. 28.

**I.     BACKGROUND**

Plaintiff initiated this case on November 11, 2022, when he filed suit against Wells Fargo and four of its employees at a branch in San Leandro for supposedly closing his checking account without notice and, on another occasion, requiring him to provide identifying information that was already in their system. *See generally* Dkt. No. 1. He alleged that this conduct violated federal statutes addressing consumer privacy and protection. *Id*.

The same day, Plaintiff moved to proceed in forma pauperis ("IFP"), and that motion was granted. Dkt. Nos. 2, 5. As required when a litigant proceeds IFP, Magistrate Judge Beeler screened Plaintiff's complaint, and determined that because Plaintiff had not plausibly pled a violation of a federal statute, the Court lacked subject matter jurisdiction. *See generally* Dkt. No.

1   18.  The screening order granted Plaintiff leave to amend his complaint, but because Plaintiff did

2   not timely do so, Judge Beeler issued a Report and Recommendation directing the case to be

3   reassigned to a district judge and recommending that the newly assigned district judge dismiss the

4   case with prejudice.  *See generally* Dkt. No. 19.  Once reassigned, this Court adopted Judge

5   Beeler's Report and Recommendation, but permitted Plaintiff to file an amended complaint based

6   on his representation that he never received a copy of Judge Beeler's report.  *See* Dkt. No. 25.  On

7   January 22, 2024, Plaintiff filed an amended complaint.  Dkt. No. 28-1 ("AC").  He also filed a

8   motion to seal the complaint.  Dkt. No. 28.

## II.  LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint.  *Escobedo*, 787 F.3d at 1234 & n.8.  The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  Therefore, to survive screening under § 1915, the complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Further, plaintiff must provide the grounds that entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of the doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  That said, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of

fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  And even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled."  *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  This is because "pro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

## III.   DISCUSSION

Plaintiff's 236-page filing does not set forth "a short and plain statement of the claim showing the pleader is entitled to relief."[1]  Rule 8(a)(2).  In fact, it veers demonstrably far from this lodestar.  The first ten pages – which the Court understands as the operative amended complaint – are densely packed with statutory references and definitions, discussions of a $300,000,000 bond for the Secretary of the Treasury (possibly issued by Plaintiff), various representations of Wells Fargo's misdeeds (in general, not as to him), and a description of the new financial institution Plaintiff seeks to open.  *See* AC at 2-12.  This lengthy and unintelligible discussion is followed by over two hundred pages of exhibits, which range from purported peace declarations between Plaintiff and the United States concerning (among others) the Civil War, indemnity and insurance agreements, tax forms, California Secretary of State filings, and assorted records.  *See* AC at 12-236.

Nowhere in these many pages is a clear and concise description of Plaintiff's factual allegations and asserted legal claims, which is what Rule 8 requires.  The Amended Complaint muddles rather than illuminates the allegations at issue, and leaves the Court completely in the dark as to the connection between those allegations and the manifold exhibits.  Uncertain as to Plaintiff's allegations, Defendant's purported wrongdoing, and the legal claims at issue, the Court readily concludes that Amended Complaint is a "far cry from a short and plain statement of claims and the Court's jurisdiction over them. A putative defendant would not know where to begin in

---

[1] The first paragraph of the filing introduces doubt as to whether Plaintiff even conceives of the filing as an amended complaint, or instead presents an "amicus curiae."  *See* AC at 2. Nevertheless, the Court construes the filing as an amended complaint based on the posture of the case and the document's caption.

3

1    responding, and the Court cannot determine whether anything in this tangle of allegations is

2    sufficient to state a claim." *Arunachalam v. Davila*, Case No. 18-cv-2488-JD, 2018 WL

3    10245911, at *1 (N.D. Cal. May 17, 2018) (dismissing pro se plaintiff's complaint with leave to

4    amend for failure to comply with Rule 8's pleading requirements).

5          Accordingly, the Court **DISMISSES** the Amended Complaint for failure to state a claim

6    upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), but will permit Plaintiff one

7    final opportunity to again amend his complaint.

8          The Court further **DENIES** Plaintiff's motion to seal, Dkt. No. 28, which attempts to

9    shield from public disclosure the Amended Complaint and the associated exhibits in their entirety.

10   Plaintiff has not met his burden to show that "compelling reasons" exist to seal his complaint,

11   which is the pleading that forms the very "foundation of [his] lawsuit." *Align Tech., Inc. v.*

12   *SmileDirectClub, LLC*, No. 23-CV00023- EMC, 2023 WL 1931849 at *1 (N.D. Cal. Feb. 9, 2023)

13   ("[T]he Court agrees . . . that there must be compelling reasons to seal any portion thereof because

14   'a complaint is the foundation of a lawsuit.'"). Local Rule 79-5 specifically states that "[m]otions

15   to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary

16   circumstances." Since "extraordinary circumstances" are not present here, the Court declines to

17   seal the entire Amended Complaint, and **DIRECTS** Plaintiff to file by February 16, 2024 a

18   version of the Amended Complaint and accompanying exhibits that has targeted and appropriate

19   redactions. Appropriate redactions may, for instance, apply to social security numbers, sensitive

20   financial details, and other personal information not reasonably necessary for the public to

21   understand the nature of this lawsuit. If Plaintiff does not file a new version of the Amended

22   Complaint and associated exhibits with narrower redactions, the version on the docket will

23   become public.

24   **IV.   CONCLUSION**

25         The Court **DISMISSES** Plaintiff's Amended Complaint with leave to amend, Dkt. No. 28-

26   1, and **DENIES** the motion to seal, Dkt. No. 28. Plaintiff must file a redacted version of his

27   Amended Complaint and attached exhibits by February 16, 2024, and any second amended

28   complaint by February 29, 2024. Plaintiff is advised that this is his final opportunity to amend his

complaint; if he is unable to present minimally viable pleadings, the Court will dismiss his complaint with prejudice and close the case. Accordingly, in preparing this complaint:

- Plaintiff must comply with Rule 8's pleading requirement. To do so, Plaintiff must amend his Amended Complaint to state as clearly as possible the facts giving rise to each cause of action and explain why each named defendant is being sued in connection with the alleged wrongdoing. Since Rule 8(a) requires a short and plain statement of the legal claims, the Court will not attempt to identify causes of actions or defendants from a narrative of events. Any amended complaint must also address the deficiencies previously identified by Judge Beeler in her screening order at Dkt. No. 18.
- Plaintiff is encouraged to use the Court's form complaint, which is available on the Court's website. *See* https://www.cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/ ("General Complaint Packet"). If he does not use the Court's form complaint and generates his own pleading material instead, Plaintiff is **DIRECTED** not to add any watermarks, which impair the Court's ability to easily review his pleadings.
- Plaintiff is further **DIRECTED** to clearly distinguish between the second amended complaint and any associated exhibits. For example, each exhibit should be separated by a title page identifying the exhibit (e.g. "Exhibit A" or "Exhibit 1"), and no exhibits should be included that are not relied upon and referenced in the complaint itself.

//
//
//
//
//
//
//
//
//
//

The Court again advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated: 1/29/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge